UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LEONARD ASKEW, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3354 |
| | ) | |
| BRITTANY GREENE *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Leonard Askew, an inmate at Danville Correctional Center. Plaintiff has also filed a Motion for Counsel (Doc. 5), a Motion for Leave to File an Amended Complaint (Doc. 6), and Motions for Status (Docs. 8, 9).

I.    **Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff's alleged constitutional violations occurred during his imprisonment at Western Illinois Correctional Center against the following officials: Warden Brittany Greene, Nursing Director Jon Wilkerson, and Nurse Practitioner M. Law.

Plaintiff claims that when he transferred in August 2024 to Western, he was placed in segregation but continued to receive medication for his eczema until June 2025. Plaintiff then describes the actions he and a family member took to inform Defendants Greene and Wilkerson about the cessation of his medication, which Plaintiff claims Defendant Law did not renew in July 2025.

**C. Analysis**

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on a claim of inadequate medical care, an inmate must show the prison official was deliberately indifferent to a serious medical need. *Id*. at 106. The deliberate indifference standard requires an inmate to satisfy a substantial threshold to support a cruel and unusual punishment claim under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "[A] claim based on deficient medical care must demonstrate two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

An objectively serious medical need is one that a physician has diagnosed as

mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). To satisfy the subjective component, a plaintiff must show "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"Claims of deliberate indifference to medical needs are examined differently depending on whether the defendants in question are medical professionals or [laypersons]." *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013). Treatment decisions made by medical professionals are presumptively valid. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). "A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances." *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008). "When a medical professional acts in his professional capacity, he may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *McGee*, 721 F.3d at 481 (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). "Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts." *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008).

Construing Plaintiff's account as accurate, the Court concludes that Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Greene, Law, and Wilkerson.

## II.    Amended Complaint

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is denied. Plaintiff seeks to add a defendant as a party to his suit. However, the Court does not accept piecemeal amendments. Any amended pleading Plaintiff files with this Court must stand independently without reference to his earlier filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

## III.   Counsel and Status

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in

civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 5) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motions for Status (Docs. 8, 9) are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 5) and Motion for Leave to File an Amended Complaint (Doc. 6) are DENIED.**

2) **Plaintiff's Motion for Status (Doc. 8) is MOOT.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference to serious medical need claim against Defendants Greene, Law, and Wilkerson. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed**

before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive deadlines.

6) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a

**change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED February 18, 2026.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE